RICARDO GONZÁLEZ CARRERO, Appellant, v. THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1326. Submitted April 2, 1956.—Decided May 31, 1956.

*Mario Báez y García* for appellant. The Registrar appeared by brief.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

On November 24, 1954 Ricardo González Carrero executed a public document entitled "Declaration of Construction", in which he recited that he is a widower and the owner of a certain lot which is described therein; that in 1947 he bought the lot in question from María Guenard y Roselló widow of Cristy by a public deed which is recorded in the Registry of Property; that "being a widower already", from September, 1947 to November, 1948 he constructed on the lot a reinforced concrete building described therein costing $25,900; that it is his wish that this Declaration of Construction be noted in the Registry in order for the building to form part of the lot, with both of them constituting a single property. When González presented this document for recordation, the Registrar recorded it "with the curable defect that the civil status of Mr. Ricardo González Carrero *when he constructed the house* is not shown." (Italics ours). The petitioner appealed from this ruling of the Registrar.

The Registrar first makes the following argument: "If that building is the same one mentioned in the deed of purchase of the lot, it could not be considered as belonging exclusively to the petitioner, as his civil status at the date of acquisition is not known. This makes it impossible to determine whether his deceased wife's heirs have any interest therein. The Declaration of Construction fails to say whether the old structure was demolished and a new one erected in its place, or whether it was repaired and enlarged. The mere statement by the petitioner that it was erected during 1947 and 1948 is insufficient to eliminate or ignore the rights of those persons who may have an interest in the property of the conjugal partnership existing between the

petitioner and his deceased wife. *Vilella* v. *Registrar*, 64 P.R.R. 405."

We cannot agree. The deed whereby the lot and the house then located thereon were acquired in 1947 is not in the record. But the Registrar himself in his brief states that this deed, which was duly recorded, recites that the petitioner acquired the said house and lot on July 7, 1947 *as a widower*.[1] Consequently, even if we assume that the house located on the lot in 1947 is still there—either in its original or in a reconstructed state—no other person, insofar as the record shows, could have an interest in the house in view of the fact that the petitioner was a widower when he acquired in 1947 the lot and the house then located thereon.

This argument of the Registrar might be valid if the petitioner, when he acquired on July 7, 1947 the lot with the house then located on it, was *married*—if it is not shown that there had been a liquidation and division of the property held in community with his late wife—in order to safeguard any rights of the heirs of the latter in the said property. But we must assume that the Registrar, in stating in his brief that "doña María Guenard y Roselló widow of Cristy sold to the petitioner, a widower" the said lot, acts on the basis of the entries in the Registry, and therefore the curable defect noted by him is not and can not be directed toward safeguarding such rights.

■ The Registrar also contends that he acted correctly in recording the deed with the aforesaid curable defect even on the assumption that the building involved herein was a new building constructed between September, 1947 and November, 1948. He argues as follows:

---

[1] The first two sentences of the Registrar's brief read as follows: "By deed No. 176 executed in Mayagüez on July 7, 1947 before Notary José Sabater y García, doña María Guenard y Roselló widow of Cristy sold to the petitioner, *a widower*, a lot located on Fundición St. in the ward of Sábalos of Mayagüez. In the same deed it is stated that a house belonging to the petitioner is located on the lot." (Italics ours).

"From the point of view of the Mortgage Law, there is no presumption as to the civil status of a person, and the fact that he was a widower when he acquired the property in 1947 does not establish the presumption that when in 1954 he appeared as a widower in the Declaration of Construction, he was a widower of the same person. *Martínez* v. *Registrar*, 62 P.R.R. 832; *Figueroa* v. *Registrar*, 31 P.R.R. 360; and *Delgado* v. *Registrar*, 23 P.R.R. 654.

"Such facts do not exclude the possibility of a marriage between 1947 and 1954, nor the possibility, however remote, of the house having been erected during that marriage. *Rivera* v. *Registrar*, 49 P.R.R. 154. *For this reason, it is important to determine petitioner's true civil status at the time the construction was begun, whether in 1947 or at any other time.* *Bacó* v. *Registrar*, 63 P.R.R. 669. The mere statement by the petitioner that he erected the structure while he was a widower is not sufficient if it is not duly established. *Vilella* v. *Registrar*, 64 P.R.R. 405, and *Jaca* v. *Registrar*, 33 P.R.R. 737. The registry should import certainty to third parties. *Benítez* v. *Registrar*, 36 P.R.R. 512.

"One of the adequate means which petitioner has to establish his true civil status is an *ad perpetuam* proceeding. *Santaliz* v. *Registrar*, 71 P.R.R. 78." (Italics ours).

Here again we think the Registrar erred. The latter relies on cases where the Registry or the document submitted for recordation shows the possible interest of some other person. But here the facts are different. On July 7, 1947, by a deed which was duly recorded, the petitioner bought the lot *as a widower*. The Declaration of Construction provides that "being a widower already", the petitioner built the house involved herein between September, 1947 and November, 1948. We think a reasonable interpretation of this statement is that he was a widower during the entire period of construction. And in the absence of anything in the Declaration of Construction or in the Registry which casts doubt on this statement, the Registrar is not entitled to speculate that the statement in the Declaration of Construction by the petitioner that he was a widower during the period he constructed

the house herein may not be true. To hold otherwise would be in effect to require every person executing a public deed not only to state his civil status therein but also to submit proof thereof.[2]

The ruling of the Registrar will be reversed and he will be directed to record the Declaration of Construction free of defects.

---

[2] The petitioner acquired the lot as a widower on July 7, 1947. He constructed the building involved herein from September, 1947, to November, 1948. Even under the remote possibility that the petitioner remarried and became a widower again between these two dates, the building which he constructed during this period, *while he was a widower*, would nevertheless belong to him.

Also, the possibility that the petitioner remarried between November, 1948 and 1954 is irrelevant. For purposes of determining who owned the building in 1948, the question is whether he was a widower when the building was finished in 1948.